

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY GRAND JURY 2018
NOVEMBER 14, 2018 SESSION

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 1:18-00269

18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(2)

**TIERO D. WASH**

# I N D I C T M E N T

The Grand Jury Charges:

## COUNT ONE
(Felon in possession of a firearm)

1. On or about December 5, 2017, at or near Bluefield, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant TIERO D. WASH did knowingly possess in and affecting interstate commerce the following firearms:

   a. a Leinad, model M-11, 9mm semi-automatic pistol;

   b. a Taurus, model PT1911, .45 caliber semi-automatic pistol; and,

   c. a Magnum Research, model Dessert Eagle, .44 caliber pistol.

2. At the time defendant TIERO D. WASH possessed the aforesaid firearms, he had been convicted of a crime punishable by a term of imprisonment exceeding one year as defined in 18 U.S.C.

§ 921(a)(20), that is, convicted on or about March 23, 2017, in the Superior Court of California, County of Sacramento, of the felony offense of transporting marijuana in violation of California Health and Safety Code, Section 11360(a), Case Number 17FE001124.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT TWO
### (Felon in possession of a firearm)

1. On or about January 1, 2018, at or near Bluefield, Mercer County, West Virginia, and within the Southern District of West Virginia, defendant TIERO D. WASH did knowingly possess a firearm, that is, a Walther, model PPQ, 9mm semi-automatic pistol, in and affecting interstate commerce.

2. At the time defendant TIERO D. WASH possessed the aforesaid firearm, he had been convicted of a crime punishable by a term of imprisonment exceeding one year as defined in 18 U.S.C. § 921(a)(20), that is, convicted on or about March 23, 2017, in the Superior Court of California, County of Sacramento, of the felony offense of transporting marijuana in violation of California Health and Safety Code, Section 11360(a), Case Number 17FE001124.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## FORFEITURE

1.  The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c).

2.  Pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) and Rule 32.2(a) of the Federal Rules of Criminal Procedure, upon conviction of an offense in violation of 18 U.S.C. 922(g), the defendant, TIERO WASH, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses, including, but not limited to the following:

    a. a Leinad, model M-11, 9mm semi-automatic pistol, serial number 94-0033545;

    b. a Taurus, model PT1911, .45 caliber semi-automatic pistol, serial number NFX39746;

    c. a Magnum Research, model Dessert Eagle, .44 caliber pistol, serial number DK0012045; and

    d. a Walther, model PPQ, 9mm semi-automatic pistol, serial number FCA3230.

The above described firearms were seized from the residence of TIERO WASH on or about December 5, 2017 and January 1, 2018;

3. If any of such property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

                        MICHAEL B. STUART
                        United States Attorney

              By: _____
                        TIMOTHY D. BOGGESS
                        Assistant United States Attorney